UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BENITO CARATIQUIT and JOANA DAVID,   No. 08-12822

                Debtor(s).
_____/

Memorandum on Motion to Dismiss for Abuse
_____

      Debtors Benito Caratiquit and Joana David are in their thirties and have three young children. The are both medical professionals. When they filed their Chapter 7 petition on December 31, 2008, they reported a combined gross income of over $180,000.00 per year. They scheduled $1.6 million in secured debt and $716,000.00 in unsecured debt. Their scheduled assets included a super-luxury 2008 Mercedes automobile costing almost $100,000.00, a luxury 2006 Lexus costing almost $50,000.00, a 2007 Winnebego worth at least $80,000.00, a 2007 Jeep Wrangler, a 2000 Toyota, and a vacation timeshare purchased on a credit card. They also admitted $15,000.00 in gambling debts incurred a few months before their filing.

      Congress enacted the 2005 amendments to the Bankruptcy Code in order to stop what it perceived as widespread abuse of bankruptcy by high-income debtors. While such debtors have proved to be largely apocryphal, this is one of the very few cases the court has seen where the debtors fit the image of abusive filers. Within a year or so before filing they went on a huge spending binge, purchasing a vehicle most people can only dream of driving, a second luxury vehicle, and an expensive

1

RV.  It is clear that they were living a lifestyle far beyond their means despite their more-than-adequate incomes.  Moreover, despite their bankruptcy they have elected to keep the Mercedes and the Lexus, assuring that they cannot afford to pay their unsecured creditors.

Incredibly, the debtors have "passed" the mechanical means test devised by Congress to deny a bankruptcy discharge to debtors without involving a judge's discretion.  Accordingly, the U.S. Trustee has moved for dismissal pursuant to § 707(b)(3) of the Code, which calls upon the court to dismiss a case if the totality of circumstances of the debtor's financial situation demonstrates abuse.

The  Bankruptcy Code does not define what abuse is.  The most common basis for a finding of abuse is that the debtor can afford to pay his debts; such a finding can support dismissal without considering other factors.  *In re Kelly*, 841 F.2d 908, 915 (9th Cir 1988).[1]  The debtors here argue that their case should not be dismissed because they cannot afford to pay their debts.  However, to the extent that is true (which the court does not find) it is only because the debtors have insisted in maintaining their luxury lifestyle despite their financial failure.  The payments and insurance on their two luxury vehicles would alone pay about a quarter of their unsecured debt over a five-year period.

Moreover, ability to pay debt is not the only test for abuse.  The court may take into account past and present expenses it considers extravagant.  6 **Collier on Bankruptcy** (15th Ed. Rev.) ¶ 707.04[4], p. 707-33;  *In re Stewart*, 175 F.3d 796, 809 (10th Cir. 1999)[There may be substantial abuse even if there is not the ability to repay].

In this case, the debtors engaged in extremely extravagant purchases and a profligate lifestyle within the year before filing, calling their basic honesty into question.  Even if they did not intend to live the high life at the expense of their creditors, the extent of their bad judgment and their efforts to maintain an unjustified lifestyle even after financial failure compels the court to the conclusion that allowing them a discharge without a complete adjustment of their spending and a good faith attempt to

---

[1] *Kelly* interpreted pre-2005 law, which required a showing of substantial abuse before a case could be dismissed.  The current law only requires a finding of abuse, not substantial abuse.

repay at least some of their debts would be an abuse of the bankruptcy system. The court does not believe that their arguments regarding a temporary reduction in income are mitigating, especially given their continuing ability to earn an income far beyond the ability of most people. Accordingly, the court will grant the motion to dismiss this case. The U.S. Trustee shall submit an appropriate form of order.

Dated: October 3, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

3